# EXHIBIT G



U.S. DEPARTMENT OF HOMELAND SECURITY
Special Agent in Charge / New York
Office of Investigations

## STATEMENT OF RIGHTS

- Before we ask you any questions, you must understand your rights.

- You have the right to remain silent.

- Anything you say can be used against you in court.

- You have the right to talk to a lawyer for advice before we ask you any questions.

- If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish.

- If you decide to answer questions now, without a lawyer present, you have the right to stop answering at any time.

## WAIVER OF RIGHTS

I have read this statement of my rights and I understand what my rights are. At this time, I am willing to answer questions without a lawyer present.

Signed: _[signature]_

Witness: _[signature]_

Witness: _[signature]_

Date/Time: 5/30/07 19:42

13

AFFIDAVIT OF DEFENDANT
US v. David Carmel, 07 Cr. 537 (WHP)

DAVID CARMEL, swears that the following is true to the best of his knowledge:

1. On May 30, 2007, I was pulled over in my vehicle and arrested by local police and federal agents in Wisconsin.

2. Within 5 minutes of being arrested, while being read my Miranda rights in the back of a squad car, I invoked my right to remain silent and I asked for a lawyer. I also refused to consent to any searches of my property.

3. I was taken to a police precinct, and I was placed in a room with three federal agents. A federal agent read Miranda warnings to me. Again I asked for a lawyer and advised the agents that I was under the care of a psychiatrist and needed to take my medications, including effexor and wellbutrin.

4. The federal agents denied me access to my medication, denied me access to a lawyer, and told me I could make a telephone call only if I spoke to them.

5. The federal agents told me that the Miranda form I was signing was only an acknowledgment that I had been read my rights and that I had to sign it.

6.  The federal agents then interrogated me for several hours, during which time they disregarded several more requests I made for a lawyer, for medication, and for a telephone call.

7.  I swear that the preceding information is true and accurate.

Dated: May 6, 2008

/s/
_____
David Carmel

On counsel swears that the following is true and accurate, to the best of his knowledge.

1. On May 30, 2007 I was pulled over in my vehicle and arrested by local police and federal agents in Wisconsin.

2. Within 5 minutes of being arrested, while being read my Miranda rights in the back of a squad car, I invoked my right to remain silent and I asked for a lawyer. I also refused to consent to any searches of my property.

3. I was taken to a police precinct, and I was placed in a room with 3 federal agents. A Federal agent read Miranda warnings to me. Again I asked for a lawyer and advised the agents that I was under the care of a psychiatrist and needed to take my

medications, including effexor and wellbutrin.

4. The federal agents denied me access to my medication, denied me access to a lawyer and told me I could make a telephone call only if I spoke to them.

(5) The federal agents told me that the Miranda form I was signing was only an acknowledgment that I had been read my rights and that I had to sign it.

(6) The federal agents then interrogated me for several hours, during which time they disregarded several more requests I made for a lawyer, for medication, and for a telephone call.

(7) I swear that the preceding information is true and accurate.

May 6, 2008

X _____
David Carmel

Notary
Sworn to me this 6th day of May, 2008

Donald J. Yannella

# EXHIBIT H

Document Number  Case Number
044              07-CR-0097-S
United States District Court
Western District of Wisconsin
Theresa M. Owens

Filed/Received
09/19/2007 12:48:17 PM CDT

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---------------------------------------

UNITED STATES OF AMERICA,

                Plaintiff,

  v.                                            ORDER

DAVID R. CARMEL,                       07-CR-097-S

                Defendant.

---------------------------------------

    Defendant David R. Carmel was indicted on one count of unlawful possession of 60 unregistered machine guns in violation of 26 U.S.C. § 5861(d). Defendant moves to dismiss the indictment and to quash the state search warrant that led to the discovery of the charged machine guns. On September 18, 2006 defendant pled guilty to the indictment.

    On September 7, 2007 the Honorable Stephen L. Crocker, United States Magistrate Judge, recommended that defendant's motions to dismiss the indictment and to suppress evidence be denied.

    On September 17, 2007 defendant's counsel filed objections to the report and recommendation. Specifically, he objects to the Magistrate Judge's finding that the indictment should not be dismissed. Further, he contends that there was not probable cause for the search and that the good faith exception does not apply.

    Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews the report and recommendation and finds as follows.

FACTS

In the June 1, 2007 criminal complaint the defendant was charged with knowingly and unlawfully possessing two machine guns in violation of 18 U.S.C. §922(o). On June 7, 2007 the grand jury returned an indictment against the defendant charging him with possessing sixty machine guns which were not registered to the defendant in the National Firearms Registration and Transfer Record in violation of 26 U.S.C. 5861(d).

On May 30, 2007, around 7:25 p.m., Chippewa County Sheriff's Investigator Chad Holum, working with federal agents, applied to the county court for a warrant to search David Carmel's house and outbuildings in Gilman, Wisconsin (about 45 miles northeast of Eau Claire). The court issued the warrant.

Investigator Holum began his sworn affidavit by stating that he had "reason to believe" that at Carmel's property,

> There are now located and concealed certain things, to-wit:
>
> Three machine guns identified as a Rheinmetall MG3, a MG 34 & a Heckler & Kock [sic] HK21 as well as any machine gun parts or any items capable of use to modify a weapon into a machine gun.
>
> Which things may constitute evidence of a crime, to-wit: Illegal Possession of Machine Gun contrary to sec. 941.26(1)(a), & sec. 941.27(1)(a) & (b) of the Wisconsin Statutes.

*See* dkt. 18, Exh. 1.

He also provided the following information. Federal agents were investigating Carmel for theft, sale and diversion of stolen military supplies, including weapons. During telephone conversations with an

undercover agent (UC), Carmel had invited the UC to his property to shoot.  When asked what weapons he possessed, Carmel stated that he had a Rheinmetall MG3, an MG 34, and a Heckler & Koch HK21.  Carmel stated that whatever ammunition the UC brought, Carmel would have a weapon to shoot it.

At about 1:30 p.m. on May 30, 2007, federal agents arrested Carmel on federal charges.  A search of his vehicle recovered "two top handles made for a M16 machine gun."  According to Investigator Holum, these handles contained a portion of the functional part of an M16 machine gun; based on Holum's training and experience in the Marine Corps and in law enforcement, without this part the M16 would be unable to function unless the weapon had been altered.

During post-arrest questioning, Carmel stated that he possessed one machine gun, an "MG M-119", for which he had a license from ATF. Investigator Holum stated that when they asked Carmel about other types of machine guns, Carmel refused to answer their questions.  Carmel stated that he possessed machine gun barrels that he had bought from commercial sources, and that he kept in a storage shed "pieces of tanks, bullet shells, and machines."  During the interview, agents let Carmel call his father.  Carmel told his father that the feds had arrested him and that his father could guess what for.

## MEMORANDUM

Defendant moves to dismiss the indictment arguing that 26 U.S.C. § 5861(d) was implicitly repealed by 18 U.S.C. §922(o).  26 U.S.C. § 5861(d) prohibits possession of machine guns that are not registered in the National Firearms Registry.  This is the statute which the indictment

charges defendant with violating.  On May 19, 1986, Congress enacted 18 U.S.C. § 922(o), which forbids civilian possession of any machine gun not lawfully possessed as of that date.  Therefore, as of 1986 it became impossible for ordinary citizens to register machine guns in the National Firearms Registry.

Defendant argues that it is a violation of due process to require compliance with the statute when Congress has made compliance impossible.  In <u>United States v. Jones</u>, 976 F.2d 176, 182-183(4th Cir. 1982), the Court held that the two statutes were not irreconcilable.  The Court stated, "Simply put, Jones can comply with both acts by refusing to deal in newly made-machine guns..."  The United States Court of Appeals for the Seventh Circuit agreed with this reasoning in <u>United States v. Ross</u>, 9 F.3d 1182, 1193-94 (7th Cir. 1993), <u>vacated on other grounds</u>, 511 U.S. 1124 (1994).

The Court agrees with this reasoning and finds that defendant's due process rights were not violated by charging him with a violation of 26 U.S.C. §5861(d) because that statute survived the enactment of 18 U.S.C. §922(o).  Accordingly, the Court adopts the Magistrate's report and recommendation to deny defendant's motion to dismiss the indictment.  Defendant's motion to dismiss the indictment will be denied.

Defendant also moves to quash the state search warrant and to suppress the evidence seized during the search.  Defendant contends that Investigator Holum's bare assertion that the three listed weapons were machine guns did not create probable cause to search defendant's property.

Although it would have been preferable for Investigator Holum to have provided foundational information in the body of his affidavit, his statement that the weapons are machine guns was made under oath as part of the warrant application.  Due to Holum's statement that he had expertise in firearms, this sworn statement is enough to establish that the weapons were machine guns.  The Court agrees with the Magistrate Judge's finding that Investigator Holum's affidavit was sufficient to support probable cause for the search of the defendant's residence.

Had there not been probable cause to support the search warrant the good faith doctrine would apply.  In United States v. Leon, 468 U.S. 897 (1984) the Court held that a search will be upheld where the officer's reliance on the warrant is objectively reasonable.  In this case the warrant application was not so lacking in indicia of probable cause as to render reliance on the warrant issued by the Court unreasonable.  Id. at p. 921

Inspector Holum's affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant issued by the court unreasonable.  Accordingly, the Court finds that the search warrant of defendant's premises could also be upheld on good faith grounds.

The Court adopts the Magistrate Judge's report and recommendation that defendant's motion to suppress evidence be denied.  Defendant's motion to suppress evidence will be denied.

5

<u>U.S. v. Carmel</u>, 07-CR-97-S

ORDER

IT IS ORDERED that the recommendation of the Magistrate Judge to deny defendant's motions to dismiss the indictment and to suppress evidence is ADOPTED.

IT IS FURTHER ORDERED that defendant's motions to dismiss the indictment and to suppress evidence are DENIED.

Entered this 19th day of September, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge

Declaration of Service

Donald Yannella, an attorney duly admitted to practice law in the United States District Court, Southern and Eastern Districts of New York, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

(1) On May 9, 2008, I served a copy of the attached motion upon the following individual via ECF:

AUSA Rosemary Nidiry
One St. Andrew's Plaza
New York, NY 10007

Dated: May 9, 2008

/s/
_____
Donald Yannella, Esq.