# EXHIBIT A

07 MAG 824

Approved: /s/ Peter B. Sobol
PETER B. SOBOL
Assistant United States Attorney

Before: THE HONORABLE KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :   COMPLAINT UNDER SEAL

          - v. -                   :   Violations of
                                       18 U.S.C. §§ 641 & 2
DAVID RAYMOND CARMEL,              :

              Defendant.           :   COUNTY OF OFFENSE:
                                       NEW YORK
- - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

      LORI A. IADOVITO, being duly sworn, deposes and says that she is a Special Agent of the U.S. Department of Defense, Office of Inspector General, Defense Criminal Investigative Service, and charges as follows:

COUNT ONE:
(Sale of Stolen Government Property)

      In or about May 2006, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, wilfully, and knowingly converted to his use and the use of another and, without authority, sold, conveyed, and disposed of a thing of value of the United States and of a department thereof, and property made under contract for the United States and a department thereof, to wit, one AN/PEQ-2A weapons-mounted infrared laser-aiming light source ("PEQ").

      (Title 18, United States Code, Sections 641 & 2.)

## COUNT TWO:
(Sale of Stolen Government Property)

In or about June 2006, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, wilfully, and knowingly converted to his use and the use of another and, without authority, sold, conveyed, and disposed of a thing of value of the United States and of a department thereof, and property made under contract for the United States and a department thereof, to wit, one PEQ.

(Title 18, United States Code, Sections 641 & 2.)

## COUNT THREE:
(Sale of Stolen Government Property)

In or about February 2007, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, wilfully, and knowingly converted to his use and the use of another and, without authority, sold, conveyed, and disposed of a thing of value of the United States and of a department thereof, and property made under contract for the United States and a department thereof, to wit, two PEQs.

(Title 18, United States Code, Sections 641 & 2.)

The bases for my knowledge and for the foregoing charges, are, in part, as follows:

1. I am and have been a Special Agent with the United States Department of Defense ("DoD"), Office of Inspector General, Defense Criminal Investigative Service ("DCIS"), for approximately one year. I am currently assigned to the New York Resident Agency in Melville, Long Island. My duties include investigating crucial national defense priorities, such as terrorism, product substitution, and technology transfer, including the knowing conversion and sale of stolen Government property, in violation of 18 U.S.C. § 641. Through my training and experience, I have become familiar with the manner in which military articles and other materials are illegally obtained, purchased, sold, transported, and exported, and the methods of payment for such contraband. Prior to becoming a DCIS Special Agent, I was, first, a U.S. Customs and Border Protection Officer assigned to JFK International Airport for approximately two years, then an



Immigration Enforcement Agent, U.S. Immigration and Customs Enforcement ("ICE"), for approximately one year.

2. Because this Complaint is submitted for a limited purpose, I have not set forth in this Complaint each and every fact I have learned during this investigation. The statements in this Complaint are based on my own observations and information that has been conveyed to me by others, including Special Agents with ICE and other DCIS Special Agents. Where statements of others are related in this Complaint, they are related in substance and in part, unless otherwise noted.

## Background

3. Based on my training, experience, and knowledge, I know the following:

   a. **Government Military Property**. PEQs are weapons-mounted infrared laser-aiming devices, manufactured by Insight Technology, Inc. ("Insight Technology") for military and law enforcement use only. Pursuant to the governing DoD directive currently in effect, when any of these devices are no longer in military use, their key "points" or components are to be cut, crushed, broken, or melted "to the degree required to preclude repair or restoration to original intended use." Defense Demilitarization Manual 4160.21-M-1, Category XII(B), (E)(1) (October 1991).

   b. **eBay Auctions**. eBay is an Internet-based, international trading community where millions of people buy and sell items daily. Most of the selling on eBay occurs in an auction format. The seller posts an item on eBay's web site (www.ebay.com) for a specified duration (3, 5, 7, or 10 days) and buyers bid on items they wish to purchase. The person who places the highest bid (or the one who opts to bypass the auction process and purchases the item at the seller's asking price under the "Buy it Now" option) is the "winner." At that point, the buyer and seller make arrangements, typically through their respective e-mail or PayPal accounts, for payment and subsequent shipping of the item. In order to conduct commerce on eBay, a user (a seller or bidder) must register with eBay. Registration requires first and last name, address, telephone number, an eBay auction identifier (screen name), and, most importantly, an e-mail address.

## The Investigation

4.  On or about April 24, 2006, ICE agents identified several items being offered for sale on eBay by the username "theoldeman." Through a confidential informant, they determined that eBay username "theoldeman" was registered to the father of DAVID RAYMOND CARMEL, the defendant, who was offering to sell a "destroyed" Leupold rifle scope. An ICE agent in ICE's office in Manhattan, in an undercover capacity ("U/C"), enquired by email with "theoldeman" about the possibility of purchasing additional Leupold scopes in better condition, whereupon U/C was referred to CARMEL, whose telephone number his father gave U/C.

5.  On or about April 27, 2006, U/C spoke with DAVID RAYMOND CARMEL, the defendant, in a consensually recorded telephone conversation, in which CARMEL, among other things, gave his e-mail address as midnx@yahoo.com and arranged for the sale of a Leupold scope and one PEQ. In addition, he stated that he had "some laser sighting stuff . . . various night vision things. Nothing absolutely state of the art but solid stuff. Stuff that you can't generally buy." He further cautioned that PEQs were "never, ever, ever, ever, ever sold on the civilian market to anyone. . . ." CARMEL told U/C, "Keep it to yourself. Federal government does not want you to have that." U/C said he had used such items in the military, to which CARMEL replied, "I still know a lot of people still in and for the most part anything is relatively available. . . ."

6.  Through my review of Naval records, I was able to determine that DAVID RAYMOND CARMEL, the defendant, was until May 31, 2005, a United States Naval Lieutenant on active duty as the supply officer to the USS Shrike, a minesweeper stationed at the Naval Station in Ingleside, Texas ("NSI"). In that position, CARMEL had electronic access to inventories of supply depots of all the armed services worldwide, and caused the USS Shrike to purchase hundreds of PEQs, machine gun barrels, night vision goggles, and various machine gun parts through the Naval Supply system. Other agents and I have spoken to CARMEL's former supervisor, who advised us that the USS Shrike never needed or used any such equipment and that CARMEL was relieved of his duties as supply officer for misappropriating government property and misuse of his authority. On or about November 30, 2005, according to Naval records and witnesses in the Ingleside area whom other agents and I interviewed, CARMEL separated from the Navy Reserves



and, whereupon he moved to his family's residence in Gilman, Wisconsin.

       7.    On or about May 1, 2006, U/C negotiated with DAVID RAYMOND CARMEL, the defendant, a sales price of approximately $700 for the Leupold rifle scope and approximately $1,500 for the PEQ. On or about May 4, 2006, U/C sent money orders in the amount of approximately $2,225, including cost of shipping, to CARMEL. On or about May 8, 2006, CARMEL confirmed by e-mail his receipt of the funds. On or about May 15, 2006, the ICE Manhattan office at its undercover address received a package from CARMEL containing a Leupold rifle scope and one PEQ. The return address on the package read: Mr. David R. Carmel, 35060 225th Avenue, Gilman, WI 54433-9548. We subsequently determined, by tracking the serial number through the manufacturer's and military records, that the PEQ had been manufactured by Insight Technology for DoD and originally sent to an Army Infantry base at the Schofield Barracks in Hawaii.

       8.    On or about May 18, 2006, U/C had a consensually recorded telephone conversation with DAVID RAYMOND CARMEL, the defendant, in which CARMEL said he had other PEQs available at the same price of approximately $1,500 - "but it ain't from me." On or about June 5, 2006, a CARMEL agreed to sell to U/C a PEQ for $1,500, together with some M60 gun parts and a Light Interference Filter. On or about June 9, 2006, U/C mailed money orders to CARMEL in the amount of approximately $2,060. On or about June 16, 2006, CARMEL confirmed by e-mail receipt of the funds. On or about June 20, 2006, the ICE office in Manhattan, at its undercover address, received a package from CARMEL containing the gun parts, filter, and a PEQ. The return address on the package listed: Mr. David R. Carmel, 35060 225th Ave, Gilman, WI 54433. We subsequently determined, by tracking the serial number through the manufacturer's and military records, that that PEQ had been manufactured by Insight Technology for DoD and originally sent to an Army Infantry base at the Schofield Barracks in Hawaii.

       9.    On or about January 30, 2007, U/C e-mailed DAVID RAYMOND CARMEL, the defendant, about purchasing another PEQ. On or about February 5, 2007, CARMEL agreed to sell to U/C two PEQs for approximately $3,200, including shipping. On or about February 15, U/C sent CARMEL three money orders totaling approximately $3,000 On or about February 23, 2007, CARMEL confirmed by e-mail to U/C that he had received the money orders and shipped the

PEQs. On or about February 26, 2007, the ICE Manhattan office, at its undercover address, received a package from CARMEL containing two PEQs. The return address on the package listed: Mr. David R. Carmel, 35060 225th Ave, Gilman, WI 54433. By tracking the serial number through the manufacturer's and military records, we subsequently determined that those PEQs had been manufactured by Insight Technology for DoD, ordered by the DoD's Defense Finance Accounting Service and picked up by or drop-shipped to a military base.

    WHEREFORE, your deponent prays that a warrant issue for the arrest of the above-named defendant and that he be imprisoned or bailed, as the case may be.

LORI A. IADOVITO
Special Agent
U.S. Department of Defense
Defense Criminal Investigative Service

Sworn to before me this
21th day of May, 2007

S/ *[signature]*
THE HONORABLE KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

- 6 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :
                                  :     07 CRIM. 537
       - v. -                     :
                                  :     07 Cr.
DAVID RAYMOND CARMEL,             :
                                  :
              Defendant.          :
                                  :
- - - - - - - - - - - - - - - - - x

### COUNT ONE

The Grand Jury charges:

1.   In or about May 2006, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, willfully, and knowingly, did embezzle, steal, purloin, and knowingly convert to his use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, and property made and being made under contract for the United States and a department and agency thereof, the value of which exceeded $1,000, to wit, CARMEL sold to an undercover law enforcement agent one AN/PEQ-2A weapons-mounted infrared laser-aiming light source ("PEQ"), which he had previously stolen from the United States Department of Defense.

(Title 18, United States Code, Sections 641 and 2.)

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 1 3 2007
```

## COUNT TWO

The Grand Jury further charges:

2. In or about June 2006, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, willfully, and knowingly, did embezzle, steal, purloin, and knowingly convert to his use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, and property made and being made under contract for the United States and a department and agency thereof, the value of which exceeded $1,000, to wit, CARMEL sold to an undercover law enforcement agent one PEQ, which he had previously stolen from the United States Department of Defense.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT THREE

The Grand Jury further charges:

3. In or about February 2007, in the Southern District of New York and elsewhere, DAVID RAYMOND CARMEL, the defendant, unlawfully, willfully, and knowingly, did embezzle, steal, purloin, and knowingly convert to his own use and the use of another, and without authority, did sell, convey, and dispose of a record, voucher, money, and thing of value of the United States and of a department and agency thereof, and property made and being made under contract for the United States and a

department and agency thereof, the value of which exceeded $1,000, to wit, CARMEL sold to an undercover law enforcement agent two PEQs, which he had previously stolen from the United States Department of Defense.

(Title 18, United States Code, Sections 641 and 2.)

## FORFEITURE ALLEGATION

4. As the result of committing the stolen property offense alleged in Counts One, Two and Three of this Indictment, in violation of 18 U.S.C. § 641, DAVID RAYMOND CARMEL, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to at least $6,000.00 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the stolen property offense.

### Substitute Assets Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of

       the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

    (Title 18, United States Code, Sections 641 and 981 and Title 28, United States Code, Section 2461)

_____  
FOREPERSON

_____  
MICHAEL J. GARCIA /AA  
United States Attorney

4

EXHIBIT C

CR 12 (Rev. 5/03)

# WARRANT FOR ARREST

**United States District Court**

DISTRICT: SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
v.
DAVID RAYMOND CARMEL

DOCKET NO. 07 MAG

MAGISTRATE'S CASE NO. 824

NAME AND ADDRESS OF INDIVIDUAL TO BE ARRESTED:
DAVID RAYMOND CARMEL
35060 225th Avenue
Gilman, WI 54433

WARRANT ISSUED ON THE BASIS OF:
☐ Indictment  ☐ Information  ☐ Order of Court  ☐ Complaint

DISTRICT OF ARREST: Western District of Wisconsin
CITY: Madison, WI

TO: UNITED STATES MARSHAL OR ANY OTHER AUTHORIZED OFFICER

YOU ARE HEREBY COMMANDED to arrest the above-named person and bring that person before the United States District Court to answer to the charge(s) listed below.

## DESCRIPTION OF CHARGES

Conversion of Stolen Government Property

IN VIOLATION OF UNITED STATES CODE TITLE 18 SECTIONS 641 & 2

BAIL: 
OTHER CONDITIONS OF RELEASE:

ORDERED BY: Hon. Kevin Nathaniel Fox
SIGNATURE (FEDERAL JUDGE/U.S. MAGISTRATE): s/ Kevin Nathaniel Fox
DATE ORDERED: 05/21/07

CLERK OF COURT: J. Michael McMahon
(BY) DEPUTY CLERK:
DATE ISSUED: 05/21/07

## RETURN

This warrant was received and executed with the arrest of the above-named person.

DATE RECEIVED:
NAME AND TITLE OF ARRESTING OFFICER:
SIGNATURE OF ARRESTING OFFICER:
DATE EXECUTED:

Note: The arresting officer is directed to serve the attached copy of the charge on the defendant at the time this warrant is executed.

6

# EXHIBIT D

**State of Wisconsin**          **Circuit Court**          **Chippewa County**

State of Wisconsin

Chippewa County                    **AFFIDAVIT FOR SEARCH WARRANT**

Investigator Chad Holum being duly sworn on oath, states as follows:

That the affiant has reason to believe that on the 30th day of May, 2007, in Chippewa County, at 35060 225th Ave. Gilman, WI, Township of Ruby, Chippewa County, occupied by David R. Carmel, DOB 12/03/1974, and more particularly described as follows:

*35060 225th Ave., Gilman, WI consisting of a white & green 2 story wood frame house, a white single wide trailer, 2 sheds and barn. Also 2 concrete silos, metal grain & a tank. (see attached contact sheet of photos of the residence.)*

There are now located and concealed certain things, to-wit:

Three machine guns identified as a Rheinmetall MG3, a MG 34 & a Heckler & Kock HK21 as well as any machine gun parts or any items capable of use to modify a weapon into a machine gun.

*Which things may constitute evidence of a crime, to-wit: Illegal Possession of Machine Gun contrary to sec. 941.26(1)(a), & sec. 941.27(1)(a) & (b) of the Wisconsin Statutes.*

That the facts tending to establish the grounds for the issuance of a search warrant are as follows:

*SEE ATTACHED STATEMENT*

WHEREFORE, said affiant prays for a search warrant to be issued to SEARCH said premises FOR said items and bring the same, if found, and the person in whose possession the same is found, before said Court to be dealt with according to law.

Officer _____

Subscribed in sworn to me this 30th day of May 2007.

Title: ADA

My commission is permanent.

70

## PROBABLE CAUSE-DAVID R. CARMEL, DOB 12-03-74 SEARCH WARRANT

This complaint is based upon the investigation of Investigators Chad Holum of the Chippewa County Sheriff's Office who is presumed truthful and reliable based upon the position of trust he holds and upon report of Special agents of the Immigration & Customs Enforcement (ICE) and Defense Criminal Investigative Services (DCIS), including statements from Special Agent Kai Wah Chan, who is presumed truthful and reliable based upon the position of trust he holds.

On 22 May 2007, an ICE agent acting in an undercover capacity made telephone contact with David R. Carmel, DOB 12-03-74. The undercover agent (UC) was calling from New York area and Carmel was located in Gilman, Wisconsin. The UC discussed with Carmel the opportunity to establish a meeting. Carmel was the target of an ICE investigation involving the theft, sale and diversion of stolen military supplies including weapons. Carmel agreed to a meeting. Several other calls were made and a final meeting place was set at the Leinenkugel's Brewery in Chippewa Falls on 30 May 2007 at 1:45 p.m. These phone calls were recorded. Special Agent Kai Wah Chan listened these conversations and communicated some of the information to the affiant.

During these phone conversations, Carmel made a number of statements to the UC. Carmel invited the UC to his property to shoot. The UC asked what types of weapons Carmel possessed. Carmel stated he owned three weapons identified as a Rheinmetall MG3, a MG 34 & a Heckler & Kock HK21. Carmel stated that whatever ammunition the UC would bring, he would have a weapon to shoot it. There was a discussion about night-vision equipment.

At 1:30 p.m. on 30 May 2007, Carmel was taken into custody by special agents of DCIS for violations of federal law pursuant to a federal arrest warrant. Carmel was then transported to the Chippewa County Sheriff's Office. During a search of the vehicle incident to arrest, the officers, assisted by deputies of the Chippewa County Sheriff's Office located a two top handles made for a M16 machine gun. These handles contained a portion of the functional part of a M16 machine gun. Based upon his training experience in the Marine Corp and in law enforcement, the affiant states that without this part, the M16 would be unable to function unless the weapon has been altered in some manner.

Once at the jail, Carmel was interviewed. Carmel stated that he possessed one machine gun, MG M-119, and stated he possessed a license for this weapon from the ATF (Department of the Treasury). When asked about other types of machine guns, Carmel refused to answer any questions in this area. Carmel stated he and his girlfriend lived in the trailer and his parents occupy the house. He stated he had a shed as well. He further stated he worked for his father in the machine shop. Carmel also stated he has in a storage shed pieces of tanks, bullet shells, and machines. He further stated that when he discharged from the military he had transported gun barrels & ammunition to Wisconsin. He stated he had machine gun barrels which he had purchased from commercial sources. Carmel did not specify any limitations as to entering any of the buildings on the premises. At one point, Carmel was allowed to call his father. During this phone conversation, Carmel told his father that the feds had arrested him, and that his father could guess what it is for.

## State of Wisconsin          Circuit Court          Chippewa County

State of Wisconsin

Chippewa County

**SEARCH WARRANT**

The State of Wisconsin, to the sheriff or any constable or any peace officer of Chippewa County:

Whereas, Investigator Chad Holum has this date complained in writing and under oath to said Court, that on the 30th day of May 2007, in Chippewa County and within certain premises, more particularly described as follows:
*35060 225th Ave., Gilman, WI consisting of a white & green 2 story wood frame house, a white single wide trailer, 2 sheds and barn. Also 2 concrete silos, metal grain & a tank.*

There are now located and concealed certain things, to-wit:

Three machine guns identified as a Rheinmetall MG3, a MG 34 & a Heckler & Kock HK21 as well as any machine gun parts or any items capable of use to modify a weapon into a machine gun.

*Which things may constitute evidence of a crime, to-wit: Illegal Possession of Machine Gun contrary to sec. 941.26(1)(a), & sec. 941.27(1)(a) & (b) of the Wisconsin Statutes.*

The Court having read in the AFFIDAVIT FOR SEARCH WARRANT, and attachments if any, and the AFFIDAVIT FOR SEARCH WARRANT does in fact establish probable cause.

Now, therefore in the name of the State of Wisconsin, you are commanded forthwith to search said premises for said things, and if the same or any portion thereof are found, to bring the same and said persons in possession, before this court to be dealt with according to law. Additionally, you are commanded to return this WARRANT within 48 hours of execution to this court, also to be dealt with according to law.

Dated this 30th day of May, 2007, time __7:25__ am/pm.

BY THE COURT,

_____
Chippewa County Circuit Court ~~Judge~~ COMMISSIONER

This warrant executed at _____ am/pm, _____ day of May, 2007.

72



# State of Wisconsin    Circuit Court    Chippewa County

State of Wisconsin

Chippewa County

**RETURN OF OFFICER**

I hereby certify that in pursuit of the attached WARRANT, I searched for the said things therein described, at the place therein mentioned, and found the following things, to-wit:

**SEE ATTACHED SEARCH WARRANT RETURN**

Filed this _____ day of May 2007, time _____ am/pm.

_____
Officer

| STATE OF WISCONSIN | CIRCUIT COURT | CHIPPEWA COUNTY |

**APPLICATION FOR ORDER SEALING SEARCH WARRANT**

Chad Holum requests an order sealing attached Search Warrant and other documents so law enforcement may follow up on related information obtained in the search. Additionally, the sealing of the search warrant and other documents is necessary to ensure that any information obtained may be fully utilized by law enforcement in the investigation. Disclosure of the information in the search warrant and other documents will likely jeopardize any follow up investigation in regard to the matter. This matter is deemed a sensitive investigation involving dangerous weapons and homeland security.

_____
Officer

Subscribed and sworn to before me
this 30th day of May 2007

_____
Asst. District Attorney

My Commission is permanent.

## ORDER

Based upon the application of Chad Holum, it is ordered that the attached Search Warrant and supporting documents be sealed and not disclosed to or by any person until further order of the Court.

Dated this 30th day of May 2007, Time 7:25 p.m.

BY THE COURT,

_____
CHIPPEWA COUNTY CIRCUIT COURT ~~JUDGE~~
Commissioner

74